UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 16-13172 BC

JOHN WAGSTER,
STATE OF MICHIGAN, IOSCO
COUNTY, CHARTER TOWNSHIP OF
AUSABLE, LVNV FUNDING LLC,
and JERRY L. SEWELL,

    Defendants.

_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING ON SALE OF PROPERTY

On March 1, 2017, default judgment was entered against Defendant Wagster for tax liability in the amount of $920,129.57. ECF No. 36. It was further ordered that the tax lien attached to the Property located at 3136 N US Highway 23, Oscoda, MI. *Id.* The Court entered an order on March 30, 2017, directing sale of the Property and appointing Marissa L. Binkowski as receiver. ECF No. 38. On August 25, 2017, Plaintiff filed a Motion for Order Authorizing Sale of Property. ECF No. 40.

The motion indicates that the receiver researched comparable properties in the area, prepared a market analysis, listed the property for sale, and entered into a purchase agreement with Wahbememe Management, Inc. pending approval by this Court.

The Court has exchanged email correspondence with Plaintiff's counsel regarding the applicability of 28 U.S.C. §§ 2001–2002 to sales of realty subject to a federal tax lien conducted by a receiver pursuant to 26 U.S.C. §§ 7402–7403. Section 2001 applies to judicial sales of realty generally, and delineates two processes by which a Court may direct the sale of realty with each containing different procedural requirements: a public sale pursuant to § 2001(a) and a private sale pursuant to § 2001(b). Section 2002 directs publication of notice for public sales. By its terms, § 2001 applies to "*[a]ny* realty or interest therein sold under *any* order or decree of *any* court of the United States" and to "[p]roperty in possession of a receiver or receivers appointed by one or more district courts." 28 U.S.C. § 2001(a) (emphasis added).

However, the case law interpreting 28 U.S.C. § 2001 and 26 U.S.C. § 7402–7403 in the tax foreclosure context is less than conclusive. Some courts have suggested that it is permissible for a receiver to sell the property by listing it on the open market in lieu of conducting a public auction under § 2001(a) or complying with the appraisal and notice requirements of a private sale under § 2001(b). *See, e.g. United States v. Barr*, 2008 WL 4104507, at *4 (E.D. Mich. Sept. 2, 2008), *aff'd*, 617 F.3d 370 (6th Cir. 2010).

In *Kerner*, however, the court ordered a public auction of real property pursuant to § 2001(a) to satisfy a tax lien, without indicating that sale of the real property could be accomplished by any means other than the procedure set forth in § 2001. *United States v. Kerner*, 2003 WL 22905202, at *1 (E.D. Mich. Oct. 24, 2003). The court did determine that a judicial sale of *personalty* under § 2004 could, subject to the court's discretion, be sold without implicating the procedures outlined in § 2001, although the court noted that § 2001 "does express a preferential course to be followed in connection with a court authorized sale of property and that the district court should not order otherwise except under extraordinary circumstances." *Id.*

at 2 (citing *Tanzer v. Huffines*, 412 F.2d 221, 222 (3d Cir. 1969). Notably, the court's analysis of the propriety of the sale of real property did not include any discussion of discretion to proceed without the procedures delineated in § 2001.

On the other hand, it does not appear that a receiver was appointed in *Kerner* pursuant to § 7403(d), as is the case here. Numerous other courts have directed tax foreclosure sales pursuant to public auction without appointing a receiver and without indicating whether the appointment of a receiver would obviate the need to comply with § 2001. *See, e.g.*, *United States v. Kriegsmann*, 2017 WL 3966580, at *1 (S.D. Cal. Sept. 1, 2017) (ordering judicial sale at public auction pursuant to 28 U.S.C. 2001 and 26 U.S.C. § 7402-7403, but not appointing a receiver under 7403(d)); *United States v. Albertson*, 2017 WL 3822020, at *1 (D. Minn. Aug. 31, 2017) (ordering judicial sale at public auction pursuant to 26 U.S.C. § 7403(c) and 28 U.S.C. 2001(a), but not appointing receiver).

Furthermore, there is precedent suggesting that a receiver appointed pursuant to 7403(d) may independently determine fair market value and make arrangements to sell the property, perhaps without complying with 28 U.S.C. §§ 2001–2002. *See Sumpter v. United States*, 314 F. Supp. 2d 684, 687 (E.D. Mich. 2004). There is also precedent, albeit mostly unpublished, suggesting that appointment of a receiver is an alternative procedure to public auction under § 2001(a) or private sale under § 2001(b). *See, e.g.*, *United States v. Poteet*, 792 F. Supp. 2d 1201, 1208 (D.N.M. 2011) ("The Court orders sale of the Property *either* through a real estate agent acting as a receiver *or* under 28 U.S.C. § 2001) (emphasis added); *United States v. Smith*, 2008 WL 4960430, at *12 (S.D. Ohio Nov. 19, 2008) ("To the extent that sale of the property on the open market may more closely approximate fair market value of the property *than a judicial sale by auction* . . . the government may wish to consider *appointment of a receiver pursuant to §*

*7403(d)*) (emphasis added); *United States v. Nipper*, 2015 WL 4664921, at *1 (D.N.M. July 2, 2015) ("According to the agreed judgment, the United States is entitled to foreclose its federal tax lien, pursuant to 28 U.S.C. §§ 2001 et seq, *or through a receiver.*) (emphasis added).

The applicability of the notice publication provisions of 28 U.S.C. § 2002 to a sale by a receiver under 7403(d) is equally unclear. The above cases do not directly address whether the notice provisions of § 2002 apply to a public sale conducted by an appointed receiver rather than at auction. That is, assuming the appointment of a receiver to sell property by public listing under 7403(d) obviates the need to conduct a public auction under § 2001(a), the question becomes must notice of the sale nonetheless be published for four weeks leading up to such sale as set forth in § 2002?

Supplemental briefing will be ordered to provide the Court additional legal authority for the proposed sale in this matter. The supplemental brief shall address the applicability of the public and private sale procedures delineated in 28 U.S.C. § 2001(a)–(b) , as well as the notice publication provisions of § 2002, to tax foreclosure sales conducted by a receiver under § 7403(d), citing to controlling precedent in this circuit where applicable. The supplemental brief shall also address what procedures or considerations circumscribe 1) the receiver's statutory authority to determine fair market value and make arrangements to dispose of the property by sale, and 2) the Court's obligation to evaluate the receiver's proposed sale. Finally, the supplemental brief shall address the legal effect on the judicial sale procedure, if any, of the fact that the property is not being sold in full satisfaction of Defendant's tax liability, but that Plaintiff shall remain free to collect any deficiency from Defendant.

Accordingly, it is **ORDERED** that Plaintiff shall submit a supplemental brief by **October 3, 2017**, as directed above.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 28, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager