UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,	Civil Case No. 16-13172

    Plaintiff,	Judge Thomas L. Ludington

    v.	Magistrate Judge Patricia T. Morris

JOHN WAGSTER,
STATE OF MICHIGAN, IOSCO
COUNTY, CHARTER TOWNSHIP OF
AUSABLE, LVNV FUNDING LLC,
and JERRY L. SEWELL,

    Defendants.
_____/

**ORDER CONFIRMING SALE OF PROPERTY**

On March 1, 2017, default judgment was entered against Defendant Wagster for tax liability in the amount of $920,129.57. ECF No. 36. It was further ordered that the tax lien attached to the Property located at 3136 N US Highway 23, Oscoda, MI. *Id.* The Court entered an order on March 30, 2017, directing sale of the Property and appointing Marissa L. Binkowski as receiver. ECF No. 38. On August 25, 2017, Plaintiff filed a Motion for Order Authorizing Sale of Property, indicating that the receiver researched comparable properties in the area, prepared a market analysis, listed the property for sale, and entered into a purchase agreement with Wahbememe Management, Inc. pending approval by this Court. Mot. at 3, ECF No. 40.

**I.**

The Court ordered supplemental briefing on the applicability of 28 U.S.C. §§ 2001–2002 to sales of realty subject to a federal tax lien conducted by a receiver pursuant to 26 U.S.C. §§ 7402–7403. The applicable legal authority provides that it is permissible for a receiver appointed pursuant to 26 U.S.C. § 7403(d) to sell the property by listing it on the open market in lieu of conducting a public auction under § 2001(a) or a private sale under § 2001(b). *See, e.g.*, *United States v. Barr*, 2008 WL 4104507, at *4 (E.D. Mich. Sept. 2, 2008), *aff'd*, 617 F.3d 370 (6th Cir. 2010); *Sumpter v. United States*, 314 F. Supp. 2d 684, 687 (E.D. Mich. 2004).

Courts have described the appointment of a receiver pursuant to 26 U.S.C. §§ 7402–7403 as an alternative procedure to public auction under § 2001(a) or private sale under § 2001(b). *See, e.g.*, *United States v. Poteet*, 792 F. Supp. 2d 1201, 1208 (D.N.M. 2011) ("The Court orders sale of the Property *either* through a real estate agent acting as a receiver *or* under 28 U.S.C. § 2001) (emphasis added); *United States v. Smith*, 2008 WL 4960430, at *12 (S.D. Ohio Nov. 19, 2008) ("To the extent that sale of the property on the open market may more closely approximate fair market value of the property *than a judicial sale by auction* . . . the government may wish to consider *appointment of a receiver pursuant to § 7403(d)*) (emphasis added); *United States v. Nipper*, 2015 WL 4664921, at *1 (D.N.M. July 2, 2015) ("According to the agreed judgment, the United States is entitled to foreclose its federal tax lien, pursuant to 28 U.S.C. §§ 2001 et seq, *or through a receiver.*) (emphasis added).

## II.

Through the receiver's market analysis she determined an appropriate listing price of $234,000. Decl. of Marissa L. Binkowski, ECF No. 40-1. The receiver listed the property for sale through multiple mediums and her firm conducted showings of the property. Decl. of Marissa L. Binkowski, ECF No. 40-1. She received one offer in the amount of $225,000. *Id.* Based on her

fourteen years of real estate experience, receiver believes this to be a fair and reasonable offer that closely approximates the value of the property. *Id.*

### III.

Upon consideration of the joint motion filed by Plaintiff United States of America, joined by Defendant State of Michigan, for an order authorizing and ordering the sale of the real property located at 3136 N US Highway 23, Oscoda, Michigan (the "Property"), that is more fully described as:

> Parcel C: Commencing at the Northwest Corner of Lot 3, Block 2 of Lake Huron Waters, a subdivision of parts of Lots 3 and 4, Section 22, Township 23 North, Range 9 East, AuSable Township, Iosco County, Michigan as recorded in Liber 4 of Plats on Page 29 of Iosco County Records; thence along the Easterly right of way of U.S. 23 Highway 126.64 feet along the arc of a 11359.69 foot radius circular curve concave Easterly through a central angle of 00 degrees 38 minutes 21 seconds having a chord which bears South 13 degrees 58 minutes 14 seconds West 126.61 feet to the point of beginning; thence South 89 degree 07 minutes 00 seconds East 114.43 feet; thence South 13 degrees 47 minutes 01 second West along the shore of Lake Huron 75.00 feet; thence North 89 degrees 07 minutes 00 seconds West 2 along the South line of Lot 6, Block 2 of said plat 114.00 feet; thence along the Easterly right of way of U.S. 23 Highway 75.02 feet along the arc of a 11359.69 foot radius circular curve concave Easterly through a central angle of 00 degrees 22 minutes 40 seconds having a chord which bears North 13 degrees 27 minutes 53 seconds East 75.00 feet to the point of beginning. Said parcel being Lot 6 and a part of Lot 5, Block 2 of said plat and containing 0.19 acres of land, more or less. Parcel lines extend to the waters edge of Lake Huron.

It is **ORDERED** that:

- The Joint Motion for Order Authorizing Sale of Property, ECF No. 40, is **GRANTED**, and the sale is **CONFIRMED**.

- Within 10 days after entry of this order, John Wagster shall vacate the Property consistent with paragraphs 3, 4, and 5, of this Court's order granting motion for order of sale and appointment of receiver. ECF No. 38.

- Within 45 days after entry of this order, the Property shall be sold to Wahbememe Management Inc. for the sum of $225,000.00, free and clear of all rights, titles, claims, and interests of the parties to this case, including any rights of redemption.

- Upon receiving the $225,000.00 from Wahbememe Management Inc., the Receiver is authorized and directed to issue a receiver's deed in a form that substantially conforms to the "Judicial Deed to Real Property" that was attached to the Joint Motion for Order Authorizing Sale of Property as Exhibit D. 5.

- The proceeds of the sale shall be distributed as specified in paragraphs 4 and 7 of the Stipulated Order Regarding Lien Priority. ECF No. 28.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 5, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 5, 2017.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager